UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND UCHE EZEADIUGWU, | |
| Plaintiff, | CIVIL ACTION NO. 1:21-cv-01698 |
| v. | (SAPORITO, M.J.) |
| PA DEPARTMENT OF LABOR/INDUSTRY, OFFICE OF UNEMPLOYMENT BENEFITS, | |
| Defendant. | |

# MEMORANDUM

This is a *pro se* civil action brought by the plaintiff, Raymond Uche Ezeadiugwu, against the Pennsylvania Department of Labor & Industry, Office of Unemployment Compensation. The plaintiff challenges the defendant's denial of his claim for state unemployment benefits. For relief, the plaintiff seeks $9,678 in compensatory damages.

The defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 11.) The motion is fully briefed and ripe for decision. (Doc. 12; Doc. 15.) The matter has been referred to the undersigned for disposition upon consent of the parties. (Doc. 9.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Standing Order 21-8.

The defendant has moved for dismissal for failure to state a claim,

framing the plaintiff's claim as an attempt to assert a federal civil rights claim under 42 U.S.C. § 1983. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). The defendant argues that, as a state agency, it is not a "person" amenable to suit under § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). In the alternative, the defendant argues that, if construed instead as a state-law tort action, the plaintiff's claim is barred by sovereign immunity. *See generally* 1 Pa. Cons. Stat. Ann. § 2310.

We do not reach these particular issues raised by the defendant. Under the circumstances, we find it appropriate to *sua sponte* dismiss this action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."); *Johnson v. United States*, Civil No. 1:CV-08-0816, 2009 WL 2762729, at *2 (M.D. Pa.

Aug. 27, 2009). The plaintiff's § 1983 claim for damages against this state-agency defendant is barred by the Eleventh Amendment. *See Bullard v. Bureau of Unemployment & Allowances*, 516 Fed. App'x 111, 112 (3d Cir. 2013) (per curiam) (Eleventh Amendment immunity barred district court exercise of subject matter jurisdiction over lawsuit against state agency regarding unemployment benefits dispute); *Copozzi v. Unemployment Comp. Bd. of Rev.*, Civil No. 3:17-CV-2152, 2017 WL 9605080, at *6 (M.D. Pa. Nov. 29, 2017) (same), *report & recommendation adopted by* 2018 WL 3055906 (M.D. Pa. June 20, 2018). We are unable to ascertain any other basis for federal question jurisdiction from the few facts alleged in the *pro se* complaint. Moreover, based on even these few facts, it is clear that it would be futile to grant the plaintiff leave to file a curative amendment; therefore, the complaint will be dismissed *without* leave to amend. *See Copozzi*, 2017 WL 9605080, at *7.

In the absence of original jurisdiction, we decline to exercise supplemental jurisdiction over any state-law claims that might be construed from the *pro se* complaint. *See* 28 U.S.C. § 1367(c)(3). Whether a federal court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision

should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Id.* Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See id.* at 350 n.7.

Accordingly, to the extent it may be construed as asserting a § 1983 claim, the *pro se* complaint will be dismissed *sua sponte* for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and any remaining state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The defendant's Rule 12(b)(6) motion to dismiss (Doc. 11) will be denied as moot.

An appropriate order follows.


Dated: July 22, 2022             *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge